IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENDRICK STORY                                                                                   PETITIONER
ADC # 109934

V.                         CASE NO. 4:17-CV-00853-KGB-JTK

WENDY KELLEY, Director                                                                      RESPONDENT
Arkansas Department of Correction

**PROPOSED FINDINGS AND RECOMMENDATIONS**

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that the Petition for Writ of Habeas Corpus (DE #1) be DISMISSED with prejudice.

## Procedural History

On February 9, 2017, the Petitioner pled guilty to first-degree murder in the Circuit Court of Columbia County, Arkansas. *State of Arkansas v. Kendrick C. Story*, 14CR-17-16. At his sentencing hearing, Petitioner acknowledged all of the rights he was waiving by pleading guilty (i.e. right to a jury trial, to a direct appeal, and his right against self-incrimination). Petitioner agreed to such waiver, and admitted he was entering into his plea voluntarily after consulting with his attorney, that he had not been threatened to plead guilty, and that he was not under the influence of drugs or alcohol. (DE # 12-8, pp. 5-8) Petitioner was sentenced to 40 years' imprisonment with a suspended imposition of sentence for life. *Id.* Petitioner was not entitled to a direct appeal and furthermore did not file a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37.1.

On March 15, 2017, Petitioner filed a writ of habeas corpus in the Circuit Court of Lee County, Arkansas, where he is currently imprisoned, which was subsequently denied on March 20, 2017.  See Docket Report for *Story v. State of Arkansas*, 39CV-17-37.  Petitioner appealed the circuit court's decision to deny habeas corpus relief to the Arkansas Supreme Court.  On appeal, Petitioner argued that his writ should have been granted because: (1) the judgment in his criminal case was illegal; (2) the trial court lacked jurisdiction in the case because the judgment did not conform to his signed plea bargain; (3) he was sentenced for aggravated robbery and first-degree murder, but the sentencing order only reflected the first-degree murder conviction; (4) the authorities illegally seized his property; (5) his arrest was illegal, (6) the trial court violated his Fifth Amendment rights, and (7) ineffective assistance of counsel for allowing the prosecutor to "threaten" him concerning the murder charge.  (DE # 12-10)

On August 24, 2017, while his state habeas was pending, Petitioner filed his petition for habeas corpus in this Court alleging: (1) violations of his Fifth Amendment rights; (2) illegal seizure of property that was used against him in court; (3) ineffective assistance of counsel for not appealing conviction; and (4) ineffective assistance of counsel for allowing the district attorney to threaten him "about murder."  Petitioner filed a Motion for Stay on the same day as his federal habeas petition requesting that the Court "grant and file the Petitioner's federal habeas corpus and place a (stay) on it until the 'out-come of my appeal' that is still pending in the Supreme Court of Arkansas."  *See Story v. State,* No. 4:17-cv-00541.  On September 8, 2017, the magistrate judge filed proposed findings and recommendations, recommending that Petitioner's petition be dismissed without prejudice and his motion for stay be denied.  *Id.*  On February 12, 2018, the district judge adopted the magistrate's findings in their entirety, and a judgment was entered on February 12, 2018, dismissing the case without prejudice.  *Id.*  Subsequently, the Arkansas

3

Supreme Court denied Petitioner's appeal and affirmed his conviction and sentence. (DE # 12-12)

On December 20, 2017, Petitioner timely filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming: (1) ineffective assistance of counsel for failing to object to the circuit court "breaking the signed plea agreement for 35 years;" (2) illegal seizure of his clothing and DNA; (3) the trial court violated his Fifth Amendment right against self-incrimination; (4) he was illegally arrested; and (5) ineffective assistance of counsel for allowing the prosecutor to threaten him with a murder charge. (DE # 1) On February 20, 2018, this Court granted Petitioner's motion to amend allowing him to add a claim for illegal sentencing. (DE #9) The Respondent filed her response on February 26, 2018, alleging that Petitioner's claims were either waived by his guilty plea or non-cognizable in a federal habeas petition. Alternatively, the Respondent asserts that all of Petitioner's claims are procedurally defaulted.

## Discussion

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e

ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Pursuant to Arkansas Rule of Appellate Procedure—Criminal 1(a) there shall be no direct appeal from a plea of guilty. Petitioner, however, could have challenged his conviction and sentence by filing a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. There is no dispute that Petitioner failed to file for post-conviction relief, and that his time to do so has expired. *See Ark. R. Crim. P. 37.1* (defendant has 60 days from entry of the judgment to seek relief under this rule). Petitioner did file a state habeas petition asserting some of the claims that he raised in this federal habeas petition; however, the Arkansas Supreme Court affirmed the denial of his state petition stating "the grounds raised do not constitute a basis for a writ of habeas corpus." (DE # 12-12) Therefore, the state courts had no opportunity to decide Petitioner's claims on the merits because he failed to present them in a procedurally correct manner.

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the

5

prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Petitioner makes no claim of innocence, nor has he established cause for the default and actual prejudice because of the alleged violations of federal law, or alleged facts showing a fundamental miscarriage of justice.

Petitioner brings two ineffective assistance of counsel claims, neither of which have been adjudicated by the state courts on the merits. The United States Supreme Court held in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), that a prisoner may establish cause for a default of an ineffective assistance claim if he or she has either ineffective counsel or no counsel in post-conviction proceedings. *Martinez*, however, has no application in this case because the Petitioner did not seek relief under Ark. R. Crim. P. 37. Accordingly, Petitioner's claims are procedurally barred from federal consideration.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #1) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 8th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE