IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENDRICK STORY,
ADC #109934                                                                            PLAINTIFF

v.                            Case No. 4:17-cv-00853-KGB-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                                                      DEFENDANT

## ORDER

Before the Court are Proposed Findings and Recommendations filed by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 15). Plaintiff Kendrick Story filed objections to the Proposed Findings and Recommendations (Dkt. No. 16). Judge Kearney recommends dismissal of Mr. Story's petition because his claim has been procedurally defaulted and thus barred from consideration by this Court. After a review of the Proposed Findings and Recommendations and Mr. Story's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety (Dkt. No. 15).

The Court notes that, although Mr. Story does not make a claim of actual innocence in his petition for writ of habeas corpus, he appears to raise such a claim in his objections to the Proposed Findings and Recommendations. A petitioner's credible claim of actual innocence may equitably toll the limitations period for filing a habeas claim. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . the expiration of the statute of limitations."). The actual innocence exception is demanding and seldom met and "tenable actual-innocence gateway pleas are rare." *Id.* at 386-87. A petitioner "does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably,

would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Courts can consider a claim of actual innocence even when a guilty plea is entered. *See e.g. United States v. Morgan*, 230 F.3d 1067, 1070 (8th Cir. 2000); *Barrington v. Norris*, 49 F.3d 440, 441 (8th Cir. 1995); *Vaughan v. Groose*, 884 F. Supp. 339, 343 (W.D. Mo. 1995).

Under the actual innocence exception, a federal habeas court may consider the merits of a procedurally defaulted claim only if the petitioner "makes a showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup,* 513 U.S. at 322). "The actual innocence exception is concerned with claims of actual, not legal, innocence." *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996) (citing *Anderson v. United States*, 25 F.3d 704, 704 (8th Cir. 1994)). To demonstrate actual innocence, a petitioner must produce evidence such as "credible declarations of guilt by another," "trustworthy eyewitness accounts," or "exculpatory scientific evidence." *Id.* at 350-51.

In his objections, Mr. Story submits that:

[t]he petitioner is actual innocence [sic] of the crimes that he has been charged with, the police falsified and tampered with evidence which lead to the petitioner tak[ing] the aggravated robbery charge[ ] from 2015 when they illegally seized evidence for a charge (robbery) that I was not charged with until March 3, 2016 (6) six months later. And the police admitted to never logging the petitioner's property (cloths) into the evidence locker for (9) nine months I was set up by the police on the aggravated robbery.

The alleged murder charge is from 2003 and the petitioner did not have anything to do with that case either, the state had convicted and charged (2) two other people with this murder charge who later got it dismissed for the same reasons being stated here the police tampered with evidence.

(Dkt. No. 16, at 2).  Mr. Story has presented no evidence to support his claim of actual innocence. The Court notes that Mr. Story submitted two unsworn affidavits in support of his petition (Dkt. No. 7, at 5-6).  These affidavits provide scant detail and are insufficient to support a showing of actual innocence.  Moreover, Mr. Story's claims that police falsified and tampered with evidence implicate a claim of legal innocence, not actual innocence.  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis").  As such, the Court finds that Mr. Story's claim of actual innocence set forth in his objections do not present a cognizable claim under the actual innocence exception to procedural default.

It is therefore ordered that Mr. Story's petition for writ of habeas corpus is denied and dismissed with prejudice (Dkt. No. 1).  The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)-(2), as Mr. Story has not made a substantial showing of the denial of a constitutional right.

So ordered this 27th day of June, 2018.

Kristine G. Baker
United States District Judge